## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF DELAWARE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)   CIVIL ACTION NO:<br>)<br>)<br>)   COMPLAINT FOR VIOLATIONS<br>)   OF THE AMERICANS WITH<br>)   DISABILITIES ACT<br>)<br>)   42 U.S.C. §§ 12131-12134<br>)<br>) |

## COMPLAINT

The State of Delaware ("State") discriminates against persons with disabilities in violation of Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12131-12134, and its implementing regulations by segregating individuals with mental illnesses in institutions that are not the most integrated setting appropriate to their needs, placing individuals at risk of unnecessary institutionalization, and failing to provide adequate community supports and services to individuals who are discharged from institutions.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action under Title II of the ADA, 42 U.S.C. §§ 12131-12132, and 28 U.S.C. §§ 1331 & 1345.   This Court may grant the relief sought in this action pursuant to 28 U.S.C. §§ 2201-2202.

– 2 –

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391, as a substantial portion

of the acts and omissions giving rise to this action occurred in the District of Delaware.

28 U.S.C. § 1391(b).

## PARTIES

3.      Plaintiff is the United States of America.

4.      Defendant is the State of Delaware.   The State is sued as a "public entity" within the

meaning of the ADA, 42 U.S.C. § 12131(1); 28 C.F.R. § 35.104, and is subject to Title II of the

ADA, 42 U.S.C. § 12131 et seq., and its implementing regulations, 28 C.F.R. Part 35.

## FACTS

### The State's Mental Health System

5.      The State of Delaware delivers services for its citizens with mental illnesses primarily

through Department of Health and Social Services ("DHSS"), which is the umbrella agency

supervising the Department of Substance Abuse and Mental Health ("DSAMH") and Delaware

Psychiatric Center ("DPC").

6.      DHSS is responsible for the overall coordination of services for people with

developmental disabilities, mental illnesses, addictive diseases, and other disabilities in the State

of Delaware.  This includes administering the State's mental health system, planning the

services and the settings in which mental health services are provided, ensuring quality of care

and consumer safety across settings, and allocating within the mental health service system all

funds appropriated from federal, state, and other sources.

7.      DHSS offers a range of treatment and support services to help persons with mental

illnesses, addictive diseases, and developmental disabilities integrate into, successfully live in,

and contribute to, the community.   Among the mental health services that DHSS provides or

contracts for are:   crisis services, Assertive Community Treatment ("ACT"), case management,

housing supports, employment supports, peer supports, rehabilitative services, and other

community support services.

8.      DHSS licenses and inspects mental health service providers, including DPC.   DPC is an

institutional setting in which people receive residential care and treatment services.   DHSS also

coordinates, provides or purchases additional in-patient services for individuals with mental

illnesses at private institutions throughout the State of Delaware.

9.      The State receives Medicaid funding from the United States Department of Health and

Human Services for the operation of its mental health system.

### Individuals Are Unnecessarily Institutionalized

10.      DPC is a congregate adult mental health facility managed and staffed by the State of

Delaware for people with diagnoses of mental illness.   Each of these individuals is substantially

limited in major life activities by his or her mental illness.   Each person is a qualified individual

with a disability, as defined in the ADA.

11.      DPC is an institution that segregates individuals with mental illness from their

non-disabled peers in the community and provides limited, if any, access to community activities

and interactions with people without disabilities.

12.      Most, if not all, of the individuals at DPC, can benefit from community settings with

community-based services and supports and do not object to receiving services in a more

integrated setting. The State's own clinicians have determined that approximately half of the

individuals at DPC no longer meet acute care criteria for continued admission in an institution and

are therefore, appropriate for community placement.   Yet they remain confined in DPC due to the lack of appropriate community services and supports.

13.     Many more individuals at DPC are likely appropriate for and do not oppose placement in more integrated settings.   These individuals remain unnecessarily institutionalized due to the State's failure to conduct individualized, person-centered assessments identifying the housing and support services that are necessary for a successful transition to the community.

14.     Additional individuals with mental illness are institutionalized in private in-patient facilities that are funded by, and are part of the mental health system administered by, the State of Delaware.   Many of these individuals are unnecessarily institutionalized due to the lack of adequate community-based supports and services.

### Individuals At Risk of Unnecessary Institutionalization

15.     Approximately 17,709 people in Delaware have a severe and persistent mental illness. Many of these individuals require community-based services and supports in order to avoid unnecessary institutional placements.   Without such services, they are at risk of unnecessary institutionalization.

16.     Many individuals are admitted or re-admitted to DPC or other institutional settings because of a lack of sufficient supports and services in the community.   With intensive community based services – such as crisis services, ACT, case management, and housing supports – these individuals would not require long-term hospitalization.

17.     Serving individuals in community placements instead of in institutional settings is a more cost effective option for the State.   Intensive support in the community typically costs less than one quarter of the cost of institutional placement in Delaware.

– 5 –

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

18.     The allegations of Paragraphs 1 through 17 are hereby re-alleged and incorporated by reference.

19.     Defendant discriminate against "qualified individual[s] with a disability," within the meaning of the ADA, by administering the State's mental disability service system in a manner that denies thousands of people with mental illness the opportunity to receive services in the most integrated setting appropriate to their needs.   These individuals are qualified to receive services in a more integrated setting and do not oppose receiving services in a more integrated setting.

20.     The State's actions as alleged herein constitute discrimination in violation of Title II of the ADA, 42 U.S.C. § 12132, and its implementing regulations.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America prays that the Court:

21.     Enjoin Defendant from administering mental disability services in settings that unnecessarily isolate and segregate individuals with disabilities from the community;

22.     Require Defendant to administer disability services in the most integrated settings appropriate to the needs of the individuals with disabilities; and

23.     Order such other appropriate relief as the interests of justice require.

– 6 –

Respectfully submitted,

FOR THE UNITED STATES:

_____
THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

_____
SAMUEL R. BAGENSTOS
Principal Deputy Assistant Attorney General
Civil Rights Division

_____
JONATHAN SMITH
Chief
Special Litigation Section

_____
JUDY C. PRESTON
Deputy Chief
Special Litigation Section

_____
ALISON N. BARKOFF
Special Counsel for Olmstead Enforcement
Civil Rights Division

_____
DAVID DEUTSCH
DEENA FOX
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Special Litigation Section

– 7 –

950 Pennsylvania Ave, NW
Washington, D.C.   20530
(202) 514-6255
daviddeutsch@usdoj.gov
David Deutsch (DC Bar # 248120)
Deena Fox (NY Bar # 4709655)

7